

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 7, 1975

The Honorable Jesse James
State Treasurer
Treasury Department
State of Texas
Austin, Texas 78711

Opinion No. H- 574

Re: Limits of FDIC insurance
of state funds deposited in
commercial banks.

Dear Mr. James:

You have requested our opinion concerning the extent to which
funds deposited by the State Treasurer in various bank accounts are
insurable under Public Law 93-495, 12 U.S. Code Cong. & Ad. News
5684 (1974). Under Article 2529a, V. T. C. S., security for deposits
of political subdivisions is required only to the extent said deposits are
not insured under the Federal Reserve Act, 12 U.S. C. §1811, et seq.

Public Law 93-495, in addition to raising Federal Deposit
Insurance Corporation (FDIC) coverage to $40,000 for all insured
accounts, provides in part:

> (2)(A) Notwithstanding any limitation in this Act
> or in any other provision of law relating to the amount
> of deposit insurance available for the account of any
> one depositor, in the case of a depositor who is . . . .
>
> . . . .
>
> (ii) an officer, employee, or agent of any State
> of the United States, or of any county, municipality,
> or political subdivision thereof having official custody
> of public funds and lawfully investing or depositing the
> same in time and savings deposits in an insured bank
> in such State; . . . his deposit shall be insured in an
> amount not to exceed $100,000 per account. (Emphasis
> added) Section 101(a), amending, 12 U.S. C. §1821(a).

The FDIC has construed these provisions in Rules and Regulations Section 330.8, Public Unit Accounts, 39 Fed. Reg. 41359 (1974), which provides in part:

(a) (2)  Each official custodian of funds of any State of the United States or any county, municipality, or political subdivision thereof depositing the same in time or savings deposits in an insured bank in the same State shall be separately insured up to $100,000.

. . . .

(5) Each official custodian referred to in paragraphs (a)(2), (3) and (4) of this section lawfully depositing such funds in demand deposits in an insured bank within the same State, District of Columbia, Commonwealth, possession or territory comprising the public unit or wherein the public unit is located, or in any form of deposit, whether time, savings or demand, in an insured bank outside jurisdiction, shall be separately insured up to $40,000.

(6)  For purposes of this paragraph (a), if the same person is an official custodian of more than one public unit, he shall be separately insured with respect to the public funds held by him for each such unit, but shall not be separately insured by virtue of holding different offices in such unit or, except as provided in paragraph (b) of this section, holding such funds for different purposes.

(b) Public bond issues.  Where an officer, agent or employee of a public unit has custody of certain funds which by law or under the bond indenture are required to be paid to the holders of bonds issued by the public unit, any deposit of such

funds in an insured bank shall be deemed to be
a deposit by a trustee of trust funds of which the
bondholders are pro rata beneficiaries, and each
such beneficial interest shall be separately insured
up to $20,000.

It appears that paragraph 2 is more limited in its application
than the statute itself, the former limiting FDIC insurance to $100,000
per custodian rather than per account.   Given the state policy to pro-
tect the security of state funds deposited in banks, we believe the more
restrictive language of the FDIC Rules and Regulations should be
followed under article 2529a, for while we have some doubt regarding
the validity of this construction, it remains the official administrative
interpretation pending amendment or judicial alteration.

Under the FDIC rules and regulations the deposits of each custodian
of public funds for each public unit are insured to $100,000 in the aggregate
for time and savings deposits and to $40,000 in the aggregate for demand deposits and
all deposits in banks outside the state.   Public unit is defined in 12 U.S.C.
1813 (m) as " . . . any State of the United States, . . . any county, . . .
any municipality, or . . . any political subdivision thereof. "  Section
330.8(c) of the FDIC rules and regulations provides:

(c) Political subdivision.   The term "political
subdivision" includes any subdivision of a public
unit, as defined in section 3(m) of the Federal
Deposit Insurance Act, or any principal depart-
ment of such public unit, (1) the creation of which
subdivision or department has been expressly
authorized by State statute, (2) to which some
functions of government have been delegated by
State statute, and (3) to which funds have been
allocated by statute or ordinance for its exclusive
use and control. It also includes drainage, irriga-
tion, navigation, improvement, levee, sanitary,
school or power districts, and bridge or port au-
thorities and other special districts created by

> State statute or compacts between the States.
> Excluded from the term are subordinate or
> nonautonomous divisions, agencies, or boards
> within principal departments. 12 C. F. R.
> § 330. 8(c) (1974).

This definition of political subdivision differs in some respects from that adopted by the State for its own purposes. See H-365 (1974). Of course for FDIC purposes the above definition is to be utilized. When the State Treasurer deposits funds for different political subdivisions as defined by the FDIC, the funds of each subdivision are insured to $100,000 in the aggregate for time and savings deposits and to $40,000 for demand deposits and all deposits in banks outside the State.

For example, were the State Treasurer to deposit funds for the University of Texas System, Parks and Wildlife Department, and the Department of Mental Health and Mental Retardation, the funds of each such subdivision would be separately insured to the maximums.

To the extent any deposits are insured by the FDIC security is not required from the bank under article 2529a, V. T. C. S.

## SUMMARY

> The FDIC Rules and Regulations, 12 C. F. R.
> §330. 8 (1974) is the appropriate standard for
> determining FDIC coverage of deposits of public
> funds. The deposits of each custodian of a public
> unit are insurable to $100,000 per bank in the
> aggregate for time and savings deposits in banks
> within the state, and to $40,000 per bank in the
> aggregate for demand deposits within the state and
> all deposits outside the state. Greater coverage
> is available for funds to be paid to holders of public
> issue bonds and in some other circumstances. To

the extent that deposits of public units
are insured by FDIC, no additional security
is required by article 2529a.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg